**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **LUIS GONZALEZ**, | **CIVIL ACTION** |
| Petitioner, | |
| *v.* | **NO. 20-2844-KSM** |
| **BARRY SMITH, et al.,** | |
| Respondents. | |

<u>**MEMORANDUM**</u>

**MARSTON, J.**                                                    **October 18, 2022**

Presently before the Court is Petitioner Luis Gonzalez's Motion for Relief Under Federal Rule of Civil Procedure 60(b)(6).  (Doc. No. 45.)  For the reasons discussed below, the Court denies the motion.

**I.      Relevant Procedural History[1]**

*A.  State Court Proceedings*

After a jury trial, Gonzalez was convicted of rape of a child, involuntary deviate sexual intercourse with a child, and other related offenses, for which he was sentenced to an aggregate term of incarceration of thirty to sixty years on June 4, 2013.  *Commonwealth v. Gonzalez*, 112 A.3d 1232, 1234–35 (Pa. Super. Ct. 2015).  Gonzalez filed a motion to reconsider his sentence, which the trial court denied.  *Id.*  Gonzalez filed a direct appeal, and on March 11, 2015, the Superior Court affirmed the judgment of sentence.  *Id.* at 1235–36, 1241.  Gonzalez did not seek

---

[1] The background of this case and procedural history are set forth more fully in Magistrate Judge Carol Moore Wells's November 19, 2021 Report and Recommendation ("R&R"), which the Court incorporates by reference.

*allocatur*. *Commonwealth v. Gonzalez*, No. 2195 EDA 2017, 2019 WL 4656281, at *2 (Pa. Super. Ct. Sept. 24, 2019).  Shortly thereafter, on April 17, 2015, Gonzalez filed a *pro se* motion to modify sentence and a few months later, on August 25, he sought relief under Pennsylvania's Post Conviction Relief Act ("PCRA") by filing *pro se* his first PCRA petition.  *Id.*  The PCRA court appointed counsel, and counsel filed an amended petition on September 12, 2016.  *Id.* at *3.  Following a hearing on three claims, the PCRA court denied Gonzalez's petition.  *Id.* at 3.

Proceeding *pro se*, Gonzalez filed a PCRA appeal, in which he claimed that his trial counsel was ineffective by: (1) failing to challenge the Commonwealth's expert's testimony concerning the condition of the victim's hymen and failing to obtain a defense expert to challenge the physical findings; (2) failing to object to the Commonwealth expert's testimony when she stated that the victim identified Gonzalez as the perpetrator; (3) and (4) failing to consult with or present an expert on sexually transmitted diseases; (5) failing to present two character witnesses; (6) failing to object to the victim's testimony about how she felt regarding Gonzalez's abuse of her mother; (7) failing to object to using juror 14 as a replacement juror instead of juror 13; (8) failing to challenge his sentence as illegal under the Sixth Amendment; and (9) failing to petition the Pennsylvania Supreme Court for allowance of an appeal.  *Id.* at *4– 12.  The Superior Court affirmed the denial of PCRA relief on September 24, 2019.  *Id.* at *12. The Pennsylvania Supreme Court denied allowance of an appeal in April 2020.  (Doc. No. 26 at 6.)

### B.  Federal Habeas Proceedings

In May 2020, Gonzalez filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  (Doc. No. 2.)  Gonzalez claimed (1) trial counsel rendered ineffective assistance by failing to object to an alternate juror being seated in violation of Pennsylvania Rule of Criminal

Procedure 645(a); (2) trial counsel rendered ineffective assistance by failing to present exculpatory scientific evidence; (3) trial counsel rendered ineffective assistance by failing to file post-sentencing motions and an appeal to the Pennsylvania Supreme Court; and (4) there were "layers of ineffectiveness."[2]  (*Id.* at 5–11.)

On November 19, 2021, Judge Wells issued her R&R, in which she concluded that Gonzalez's claim that counsel rendered ineffective assistance by failing to seek *allocatur* on direct appeal is not cognizable;[3] his claim that trial counsel rendered ineffective assistance regarding the improper seating of juror 14 is procedurally defaulted; his claim that trial counsel was ineffective for failing to file post-sentence motions is procedurally defaulted; and his claim that trial counsel was ineffective for failing to provide exculpatory scientific evidence was reasonably rejected by the state court.  (Doc. No. 30.)

On August 3, 2022, this Court adopted Judge Wells's R&R (with clarifications), overruled Gonzalez's objections, and denied his habeas petition. (Doc. No. 44.)

### C.  The Instant Motion

On August 17, Gonzalez filed a Motion for Relief Under Federal Rule of Civil Procedure Rule 60(b)(6).  (Doc. No. 45.)  In his motion, Gonzalez argues that the Court should reopen final judgment pursuant to Rule 60(b)(6) because of "recent changes in decisional laws."  (*Id.* at 1–2; *see also id.* at 3 ("A change in the law in a significant way favors the granting of Rule 60(b)(6)

---

[2] Judge Wells declined to consider the "layers of ineffectiveness" argument separately because she found that it was not a claim so much as "an argument for cause to excuse any procedural defaults."  (Doc. No. 30 at 4.)  Accordingly, Judge Wells considered whether Gonzalez had overcome procedural default by showing "layers of ineffectiveness" in her analyses of the first (trial counsel ineffective for failing to address the improper seating of juror 14) and third (trial counsel ineffective for failing to file post-sentence motions) claims.  (*See id.* at 7–8; see also Doc. No. 44 at 3 n.2.)

[3] This addressed Gonzalez's allegation (set forth underneath his fourth ground in his petition) that his trial counsel "abandoned appellant proceedings to state Supreme Court."  (*See* Doc. No. 2 at 10–11.)

relief.").)  Respondents filed their response in opposition to Gonzalez's motion on September 6. (Doc. No. 47.)

## II.    Discussion

### A.  *Legal Standard: Rule 60(b) Motions*

Under Rule 60(b), a court "may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons":  (1) "mistake, inadvertence, surprise, or excusable neglect"; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in the time to move for a new trial under Rule 59(b)"; (3) fraud; (4) "the judgment is void"; (5) "the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable"; or (6) "any other reason that justifies relief."  Fed. R. Civ. P. 60(b); *see also Gonzalez v. Crosby*, 545 U.S. 524, 528–29 (2005) ("Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence.  Rule 60(b)(6), the particular provision under which petitioner brought his motion, permits reopening when the movant shows any reason justifying relief from the operation of judgment other than the more specific circumstances set out in Rules 60(b)(1)–(5)." (cleaned up)).

"A movant seeking relief under Rule 60(b)(6) [must] show extraordinary circumstances justifying the reopening of a final judgment."  *Gonzalez*, 545 U.S. at 535; *see also Bracey v. Superintendent Rockview SCI*, 986 F.3d 274, 284 (3d. Cir. 2021) ("A court may grant equitable relief under Rule 60(b)(6) 'in extraordinary circumstances where, without such relief, an extreme and unexpected hardship would occur.'" (quoting *Cox v. Horn*, 757 F.3d 113, 120 (3d Cir. 2014))).  "Such circumstances will rarely occur in the habeas context."  *Gonzalez*, 545 U.S. at

4

535; *see also Cox v. Horn*, 757 F.3d 113, 125 (3d. Cir. 2014) ("[C]ourts must heed the Supreme

Court's observation—whether descriptive or prescriptive—that Rule 60(b)(6) relief in the habeas

context, especially based on a change in federal procedural law, will be rare.").

### B.  Legal Standard: Successive Habeas Petitions

When presented with a Rule 60(b) motion, a court should consider "whether the Rule

60(b) motion was a disguised second or successive motion and, if it was not, whether

extraordinary circumstances justified granting relief."  *United States v. Doe*, 810 F.3d 132, 151

(3d Cir. 2015).

In *Gonzalez v. Crosby*, the Supreme Court held that a Rule 60(b) motion in the § 2254

context should be considered a second or successive habeas petition when it seeks "vindication"

of a "claim."  545 U.S. at 531 ("A habeas petitioner's filing that seeks vindication of such a

claim is, if not in substance a 'habeas corpus application,' at least similar enough that failing to

subject it to the same requirements would be 'inconsistent with' the statute." (cleaned up)); *see*

*also Anariba v. Dir. Hudson Cty. Corr. Ctr.*, 17 F.4th 434, 441 (3d Cir. 2021); *Parham v. Klem*,

496 F. App'x 181, 184 (3d Cir. 2012).

A Rule 60(b) motion advances a "claim" if it "seeks to add a new ground for relief" or

"attacks the federal court's previous resolution of a claim on the merits."  *Gonzalez*, 545 U.S. at

532 (reasoning that "alleging that the court erred in denying habeas relief on the merits is

effectively indistinguishable from alleging that the movant is, under the substantive provisions of

the statute, entitled to habeas relief").  In turn, "on the merits" refers "to a determination that

there exist or do not exist grounds entitling a petitioner to habeas relief under 28 U.S.C.

§ 2254(a) and (d)."  *Id.* at 532 n.4.  "When a movant asserts one of those grounds (or asserts that

a previous ruling regarding one of those grounds was in error) he is making a habeas corpus

claim." *Id.*

The "underlying rationale" is that "allowing such a claim to proceed by way of Rule 60(b) would create inconsistencies with the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which . . . imposes limitations on a § 2254 petitioner's ability to bring 'second or successive' habeas petitions." *Anariba*, 17 F.4th at 441 (citation omitted). "What this means is that *Gonzalez* restricts a petitioner from filing a 'second or successive' habeas petition disguised as [a] Rule 60(b) motion in order to bypass AEDPA's gatekeeping mechanism." *Id.*; *see also Gonzalez*, 545 U.S. at 532 (explaining that a Rule 60(b) motion may not be used to "circumvent the requirement that a successive habeas petition be recertified by the court of appeals as falling within an exception to the successive-petition bar"); *Anariba*, 17 F.4th at 441 ("On the flip side, when no claim is presented, there is no basis for contending that the Rule 60(b) motion should be treated like a habeas corpus application, because there is little risk that a petitioner is harnessing Rule 60(b) to circumvent AEDPA's gatekeeping mechanism.").

However, a movant does not attack a ruling "on the merits" "when he merely asserts that a previous ruling which precluded a merits determination was in error—for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar." *Gonzalez*, 545 U.S. at 532 n.4; *see also Bracey*, 986 F.3d at 282 ("*Gonzalez* used 'the merits' to distinguish a 'true Rule 60(b) motion' attacking a procedural defect from a disguised successive habeas petition attacking the substantive resolution of a habeas claim." (citation omitted)); *Parham*, 496 F. App'x at 184 ("Parham does not assert a claim on the merits because he does not attack the District Court's ruling on an asserted federal basis for relief . . . Parham seeks to show that the District Court's 'previous ruling which precluded a merits determination was in error.'" (quoting *Gonzalez*, 545 U.S. at 532 n.4)). In other words, a Rule 60(b) motion should not be treated as a

successive habeas petition where the Rule 60(b) motion "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." *Gonzalez*, 545 U.S. at 532.

### C. Analysis

The Court must consider whether Gonazelz seeks to vindicate a "claim" in his Rule 60(b) motion.

In this case, in her R&R (which the Court adopted), Judge Wells decided Gonzalez's second claim on the merits when she concluded that the state court reasonably rejected his contention that his trial counsel was ineffective by failing to introduce exculpatory scientific evidence—specifically, by failing to object to the state witness's testimony, to call an expert on sexually transmitted diseases, and to use a CDC report that Gonzalez had brought to his attention. (*See* Doc. No. 30 at 12–13.) However, Judge Wells determined that Gonzalez's first and third claims (concerning the failure to object to improper seating of juror 14 and failure to file post-sentencing motions) were procedurally defaulted. (*Id.* at 7–8.) Whether Gonzalez is challenging the Court's ruling as to the second claim or the first and third claims is critical. To the extent Gonzalez challenges the disposition of claim two, he is attacking a decision made on the merits and is therefore impermissibly seeking to file a successive habeas petition.

Here, the Court interprets Gonzalez's motion as challenging a merits-based decision to the extent he claims that the Court wrongly concluded that the state court reasonably rejected his ineffective assistance of counsel claim based on the failure to present scientific evidence. (*See* Doc. No. 45 at 11 ("This Court and the Superior court rendered its [sic] decision under unreasonable determination of the facts in light of the evidence presented in the state court proceeding."); *id.* at 8 ("The exculpatory evidence that the defendant presented to trial counsel

explained that sexual contact with an infected geital [sic] secretion guarantees the contraction of Chlamydia.  Had trial counsel presented this to the jury no reasonable juror would [render] a verdict of guilt[y].").)  Accordingly, to the extent that Gonzalez argues that this Court wrongly decided claim two (i.e., that his counsel was ineffective for failing to present and/or object to certain evidence), his Rule 60(b) motion is a successive habeas petition.

The Court notes that Gonzalez invokes the words "procedural default" (*see id.* at 2–3, 8 (mentioning "the miscarriage of justice exception to procedural default" and "overcom[ing] statute of limitations")).  If he were arguing that we wrongly determined that claims one and three were not procedurally defaulted (and that there was no cause to excuse the procedural default), then the motion would not be a successive habeas petition as to those claims.  But after carefully reviewing Gonzalez's Rule 60(b) motion, the Court does not find this to be the case.  Nowhere in the Rule 60(b) motion does Gonzalez even mention that his counsel was ineffective for failing to object to the seating of juror 14 and failing to file post-sentencing motions.  Therefore, nothing in the motion indicates that Gonzalez is arguing that the Court's determination that claims one and three were procedurally defaulted was in error.  Rather, the thrust of Gonzalez's entire motion is that his counsel should have introduced exculpatory scientific evidence but failed to do so.  This pertains only to claim two, which was decided on the merits.

Further, the Court notes that although Gonzalez claims that there have been "changes in decisional law," none of the cases he cites in his Rule 60(b) motion were decided *after* the Court denied his habeas petition, so Gonzalez's motion is not based on a change in the law.  *Cf. Bracey*, 986 F.3d at 284 ("Where, as here, a petitioner seeks Rule 60(b) relief based on an intervening change in the law . . . [f]irst, we ask whether the asserted change is material to the

basis on which the district court initially denied habeas relief.").

In sum, the Court concludes that Gonzalez's Rule 60(b) motion is a successive habeas petition in disguise and dismisses it.

**IV.    *Conclusion***

For these reasons, Gonzalez's motion is denied.  An appropriate Order follows.