# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **LUIS GONZALEZ**, | **CIVIL ACTION** |
| Petitioner, | |
| v. | **NO. 20-2844-KSM** |
| **BARRY SMITH, et al.,** | |
| Respondents. | |

## MEMORANDUM

**MARSTON, J.**                                                                                       **June 1, 2023**

Presently before the Court is Petitioner Luis Gonzalez's Application to File a Second or Successive Motion to Vacate Judgment Under Rule 60(b)(3) and 28 U.S.C. § 2254(d)(2). (Doc. No. 55.) For the reasons discussed below, the Court denies the motion.

**I.   Relevant Procedural History[1]**

   *A. State Court Proceedings*

After a jury trial, Gonzalez was convicted of rape of a child, involuntary deviate sexual intercourse with a child, and other related offenses, for which he was sentenced to an aggregate term of incarceration of thirty to sixty years on June 4, 2013. *Commonwealth v. Gonzalez*, 112 A.3d 1232, 1234–35 (Pa. Super. Ct. 2015). Gonzalez filed a motion to reconsider his sentence, which the trial court denied. *Id.* Gonzalez filed a direct appeal, and on March 11, 2015, the Superior Court affirmed the judgment of sentence. *Id.* at 1235–36, 1241. Gonzalez did not seek

---

[1] The factual background and procedural history of this case are set forth more fully in Magistrate Judge Carol Moore Wells's November 19, 2021 Report and Recommendation ("R&R"), which the Court incorporates by reference.

*allocatur*. *Commonwealth v. Gonzalez*, No. 2195 EDA 2017, 2019 WL 4656281, at *2 (Pa. Super. Ct. Sept. 24, 2019). Shortly thereafter, on April 17, 2015, Gonzalez filed a *pro se* motion to modify sentence and a few months later, on August 25, he sought relief under Pennsylvania's Post Conviction Relief Act ("PCRA") by filing *pro se* his first PCRA petition. *Id.* The PCRA court appointed counsel, and counsel filed an amended petition on September 12, 2016. *Id.* at *3. Following a hearing on three claims, the PCRA court denied Gonzalez's petition. *Id.* at 3.

Proceeding *pro se*, Gonzalez filed a PCRA appeal, in which he claimed that his trial counsel was ineffective by: (1) failing to challenge the Commonwealth's expert's testimony concerning the condition of the victim's hymen and failing to obtain a defense expert to challenge the physical findings; (2) failing to object to the Commonwealth expert's testimony when she stated that the victim identified Gonzalez as the perpetrator; (3) and (4) failing to consult with or present an expert on sexually transmitted diseases; (5) failing to present two character witnesses; (6) failing to object to the victim's testimony about how she felt regarding Gonzalez's abuse of her mother; (7) failing to object to using juror 14 as a replacement juror instead of juror 13; (8) failing to challenge his sentence as illegal under the Sixth Amendment; and (9) failing to petition the Pennsylvania Supreme Court for allowance of an appeal. *Id.* at *4–12. The Superior Court affirmed the denial of PCRA relief on September 24, 2019. *Id.* at *12. The Pennsylvania Supreme Court denied allowance of an appeal in April 2020. (Doc. No. 26 at 6.)

### B. Federal Habeas Proceedings

In May 2020, Gonzalez filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 2.) Gonzalez claimed (1) trial counsel rendered ineffective assistance by failing to object to an alternate juror being seated in violation of Pennsylvania Rule of Criminal

Procedure 645(a); (2) trial counsel rendered ineffective assistance by failing to present exculpatory scientific evidence; (3) trial counsel rendered ineffective assistance by failing to file post-sentencing motions and an appeal to the Pennsylvania Supreme Court; and (4) there were "layers of ineffectiveness."[2]  (*Id.* at 5–11.)

On November 19, 2021, Judge Wells issued her R&R, in which she concluded that Gonzalez's claim that counsel rendered ineffective assistance by failing to seek *allocatur* on direct appeal is not cognizable;[3] his claim that trial counsel rendered ineffective assistance regarding the improper seating of juror 14 is procedurally defaulted; his claim that trial counsel was ineffective for failing to file post-sentence motions is procedurally defaulted; and his claim that trial counsel was ineffective for failing to provide exculpatory scientific evidence was reasonably rejected by the state court.  (Doc. No. 30.)

On August 3, 2022, this Court adopted Judge Wells's R&R (with clarifications), overruled Gonzalez's objections, and denied his habeas petition.[4]  (Doc. No. 44.)

---

[2] Judge Wells declined to consider the "layers of ineffectiveness" argument separately because she found that it was not a claim so much as "an argument for cause to excuse any procedural defaults." (Doc. No. 30 at 4.)  Accordingly, Judge Wells considered whether Gonzalez had overcome procedural default by showing "layers of ineffectiveness" in her analyses of the first (trial counsel ineffective for failing to address the improper seating of juror 14) and third (trial counsel ineffective for failing to file post-sentence motions) claims.  (*See id.* at 7–8; *see also* Doc. No. 44 at 3 n.2.)

[3] This addressed Gonzalez's allegation (set forth underneath his fourth ground in his petition) that his trial counsel "abandoned appellant proceedings to state Supreme Court."  (*See* Doc. No. 2 at 10–11.)

[4] On August 1, 2022, Gonzalez filed a Motion to Stay and Remand.  (Doc. No. 43.)  In that motion, Gonzalez claimed that his trial counsel gave "false and misleading" testimony at a 2017 evidentiary hearing in the PCRA proceedings.  (*Id.*)  Specifically, Gonzalez took issue with trial counsel's testimony that he did not receive a Centers for Disease ("CDC") report from Petitioner.  (*See id.* at 6.)  At bottom, Gonzalez requested that this Court relinquish jurisdiction to the state court.  (*See id.* ("This testimony shows proof of perjury that the petitioner wants to address to the Common Pleas Court, and request the Common Pleas Court to schedule an evidentiary hearing as to why the Court allowed perjured testimony to go uncorrected?").)  This Court denied the motion as moot when it approved and adopted Judge Wells's R&R and denied his habeas petition.  (Doc. No. 44 at 6.)

### *C. Gonzalez's First Rule 60(b) Motion and Appeal*

On August 17, 2022, Gonzalez filed a Motion for Relief Under Federal Rule of Civil Procedure Rule 60(b)(6). (Doc. No. 45.) Respondents opposed the motion. (Doc. No. 47.) On October 18, the Court entered a Memorandum and Order denying Gonzalez's Rule 60(b) motion. (Doc. Nos. 48, 49.) The Court found that Gonzalez's Rule 60(b) motion was a merits-based challenge and, as such, concluded that Gonzalez's Rule 60(b) motion was a successive habeas petition in disguise and denied the motion. (*See* Doc. No. 48 at 7–9; *see also id.* at 7–8 ("Here, the Court interprets Gonzalez's motion as challenging a merits-based decision to the extent he claims that the Court wrongly concluded that the state court reasonably rejected his ineffective assistance of counsel claim based on the failure to present scientific evidence. Accordingly, to the extent that Gonzalez argues that this Court wrongly decided claim two (i.e., that his counsel was ineffective for failing to present and/or object to certain evidence), his Rule 60(b) motion is a successive habeas motion."); *see also id.* at 8 ("[T]he thrust of Gonzalez's entire motion is that his counsel should have introduced exculpatory scientific evidence but failed to do so. This pertains only to claim two, which was decided on the merits.").) The Court found that there was no probable cause to issue a certificate of appealability. (Doc. No. 53.)

On March 9, 2023, the Third Circuit denied Gonzalez's request for a certificate of appealability. (Doc. No. 54 ("Jurists of reason would agree, without debate, that Appellant's claims, regardless of whether they are procedurally defaulted, do not entitle Appellant to relief. Further, jurists of reason would not debate the District Court decision to reject Appellant's 'Petitioner for Relief Under Federal Rule of Civil Procedure 60(b)(6).' Even if Appellant, in seeking reconsideration of his second claim, did not present a second or successive petition, he did not present a viable basis for reconsideration.").) Gonzalez then filed a Motion Requesting

En Banc Hearing on Denial of Certificate of Appealability (3d Cir. Dkt. 20-3092, Doc. No. 13), which the Third Circuit denied (3d Cir. Dkt. 20-3092, Doc. No. 14).

### D. Gonzalez's March 2023 Motion to the Third Circuit

On March 21, 2023, Gonzalez filed, on the Third Circuit docket, a Memorandum in Support of Application for Leave to File A Second or Successive Motion to Vacate Judgment Under Rule 60(b)(3) Fraud. (3d Cir. Dkt. 20-3092, Doc. No. 11.) On March 29, the Third Circuit entered an order stating that it would not take any action on Gonzalez's motion. (3d Cir. Dkt. 20-3092, Doc. No. 12.) The Third Circuit stated, "If Appellant wants to file another motion under Fed. R. Civ. P. 60(b), any such motion must be filed in the appropriate district court. Finally, if Appellant wishes to file an application under 28 U.S.C. Section 2244 in this Court for leave to file a second or successive motion for habeas relief, he may complete the enclosed application using the instructions included on the form." (*Id.*) Gonzalez did not complete the application for leave to file a second or successive habeas motion.

### E. The Instant Motion

Instead, on April 12, 2023, Gonzalez filed an Application to File a Second or Successive Motion to Vacate Judgment Under Rule 60(b)(3) Fraud and 28 U.S.C. § 2254(d)(2). (Doc. No. 55.) Gonzalez argues that his trial counsel violated the "Code of Professional Responsibility Conduct" and committed fraud upon the court by lying at an April 17, 2017 evidentiary hearing in state court PCRA proceedings about whether he received a CDC report from Gonzalez. (*See generally id.*) To that end, he also argues that trial counsel's conduct constituted extraordinary circumstances and that trial counsel rendered ineffective assistance. (*Id.*) Further, Gonzalez contends that the district court should have held an evidentiary hearing. (*Id.* at 11–12.; *see also id.* at 12–13 (setting forth four issues: "(1) Did trial counsel violate the code of professional

5

responsibility conduct?;  (2) Did the district court abused [sic] its discretion with reckless disregard for the truth, and their duty and their obligations in failing to grant an evidentiary hearing on the material evidence and consider whether the conduct outlined herein constitutes fraud upon a court or attorney misconduct sufficiently serious to require corrective action?  (3) Does attorney's conduct of fraud upon a court constitute 'extraordinary circumstances'?  (4) Was trial counsel's unprofessional services within the defined meaning in Strickland v. Washington?").)

Respondents oppose the motion.  (Doc. No. 57.)  Respondents argue that Gonzalez's application should be construed as a successive petition and dismissed.  (*Id.*)

## II.     Legal Standards

### A.  *Rule 60(b) Motions*

Under Rule 60(b), a court "may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons":  (1) "mistake, inadvertence, surprise, or excusable neglect"; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in the time to move for a new trial under Rule 59(b)"; (3*) fraud, misrepresentation, or misconduct by an opposing party*; (4) "the judgment is void"; (5) "the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable"; or (6) "any other reason that justifies relief."  Fed. R. Civ. P. 60(b); *see also Gonzalez v. Crosby*, 545 U.S. 524, 528–29 (2005) ("Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence.  (cleaned up)).  "The standard to reopen a judgment under Rule 60(b)(3) is a rigorous one:  To reopen a judgment under Rule 60(b)(3), specifically, a plaintiff *must show, by*

*clear and convincing evidence*: (1) that the adverse party engaged in fraud or misconduct; and (2) that this conduct prevented the moving party from fully and fairly presenting this case." *Gibson v. Beard*, No. 2:10-cv-0445, 2019 WL 6907399, at *3 (E.D. Pa. Dec. 19, 2019) (cleaned up); *see also July v. D'Ilio*, Civ. No. 13-6741 (KM), 2018 WL 3492144, at *2 (D.N.J. July 20, 2018).

### B. Successive Habeas Petitions

When presented with a Rule 60(b) motion, a court should consider "whether the Rule 60(b) motion was a disguised second or successive motion and, if it was not, whether extraordinary circumstances justified granting relief." *United States v. Doe*, 810 F.3d 132, 151 (3d Cir. 2015); *see also Melter v. United States*, Civ. No. 15-243, 2017 WL 3868808, at *2 (W.D. Pa. Sept. 5, 2017) ("In the habeas context, when a district court is presented with a Rule 60(b) motion after it has denied the petitioner's federal habeas application, the court must first determine if the Rule 60(b) motion constitutes a successive or successive application under the Antiterrorism and Effective Death Penalty Act ('AEDPA').").

In *Gonzalez v. Crosby*, the Supreme Court held that a Rule 60(b) motion in the § 2254 context should be considered a second or successive habeas petition when it seeks "vindication" of a "claim." 545 U.S. at 531 ("A habeas petitioner's filing that seeks vindication of such a claim is, if not in substance a 'habeas corpus application,' at least similar enough that failing to subject it to the same requirements would be 'inconsistent with' the statute." (cleaned up)); *see also Anariba v. Dir. Hudson Cty. Corr. Ctr.*, 17 F.4th 434, 441 (3d Cir. 2021); *Parham v. Klem*, 496 F. App'x 181, 184 (3d Cir. 2012).

A Rule 60(b) motion advances a "claim" if it "seeks to add a new ground for relief" or "attacks the federal court's previous resolution of a claim on the merits." *Gonzalez*, 545 U.S. at

7

532 (reasoning that "alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statute, entitled to habeas relief"). In turn, "on the merits" refers "to a determination that there exist or do not exist grounds entitling a petitioner to habeas relief under 28 U.S.C. § 2254(a) and (d)." *Id.* at 532 n.4. "When a movant asserts one of those grounds (or asserts that a previous ruling regarding one of those grounds was in error) he is making a habeas corpus claim." *Id.*

The "underlying rationale" is that "allowing such a claim to proceed by way of Rule 60(b) would create inconsistencies with the [AEDPA], which . . . imposes limitations on a § 2254 petitioner's ability to bring 'second or successive' habeas petitions." *Anariba*, 17 F.4th at 441 (citation omitted). "What this means is that *Gonzalez* restricts a petitioner from filing a 'second or successive' habeas petition disguised as [a] Rule 60(b) motion in order to bypass AEDPA's gatekeeping mechanism." *Id.*; *see also Gonzalez*, 545 U.S. at 532 (explaining that a Rule 60(b) motion may not be used to "circumvent the requirement that a successive habeas petition be recertified by the court of appeals as falling within an exception to the successive-petition bar"); *Anariba*, 17 F.4th at 441 ("On the flip side, when no claim is presented, there is no basis for contending that the Rule 60(b) motion should be treated like a habeas corpus application, because there is little risk that a petitioner is harnessing Rule 60(b) to circumvent AEDPA's gatekeeping mechanism."). "Under AEDPA, a prisoner cannot file a second or successive habeas application without first obtaining approval from the Court of Appeals; absent such authorization, a district court cannot consider the merits of a subsequent application." *Simmons v. United States*, Civ. Act. No. 15-549-LPS, 2020 WL 2220150, at *2 (D. Del. May 7, 2020); *see also Meltzer*, 2017 WL 3868808, at *2 ("[U]nder AEDPA, a prisoner cannot file a

8

second or successive habeas application without first obtaining approval from the Court of Appeals. Therefore, absent such authorization, a district court cannot consider the merits of a subsequent application because it lacks jurisdiction to do so.").

However, a movant does not attack a ruling "on the merits" "when he merely asserts that a previous ruling which precluded a merits determination was in error—for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar." *Gonzalez*, 545 U.S. at 532 n.4; *see also Bracey*, 986 F.3d at 282 ("*Gonzalez* used 'the merits' to distinguish a 'true Rule 60(b) motion' attacking a procedural defect from a disguised successive habeas petition attacking the substantive resolution of a habeas claim." (citation omitted)); *Parham*, 496 F. App'x at 184 ("Parham does not assert a claim on the merits because he does not attack the District Court's ruling on an asserted federal basis for relief . . . Parham seeks to show that the District Court's 'previous ruling which precluded a merits determination was in error.'" (quoting *Gonzalez*, 545 U.S. at 532 n.4)). In other words, a Rule 60(b) motion should not be treated as a successive habeas petition where the Rule 60(b) motion "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." *Gonzalez*, 545 U.S. at 532; *see also Woods v. Mazurkiewicz*, Civil Action No. 92-4917, 2022 WL 2316173, at *5 (E.D. Pa. June 28, 2022) ("[T]he Supreme Court has stated that we may consider on the merits a Rule 60(b) motion that asserts a 'defect in the integrity of the federal habeas proceedings,' such as fraud on the federal habeas court.'" (citation omitted)). Courts find that Rule 60(b) motions are successive habeas petitions when they attack the "underlying conviction rather than a procedural defect in a prior habeas proceeding." *Gibson v. Beard*, No. 2:10-cv-0445, 2019 WL 6907399, at *4 (E.D. Pa. Dec. 19, 2019); *see also Pridgen v. Shannon*, 380 F.3d 721, 727 (3d Cir. 2004) ("[I]n those instances in which the factual predicate

of a petitioner's Rule 60(b) motion attacks the manner in which the earlier habeas judgment was procured and not the underlying conviction, the Rule 60(b) motion may be adjudicated on the merits.  When the Rule 60(b) motion seeks to collaterally attack the petitioner's underlying conviction, the motion should be treated as a successive habeas petition."); *Bentley v. Harlow*, Civil Action No. 11-CV-2423, 2022 WL 1265527, at *4 (E.D. Pa. Apr. 28, 2022) ("His assorted *Brady* claims attack the validity of his criminal proceeding, as opposed to an alleged defect in the habeas proceeding . . . [T]he motion must be construed as an unauthorized second or successive habeas petition to the extent that in it he is challenging his judgment of sentence.").

## III. Discussion

Gonzalez's Rule 60(b)(3) motion is a successive habeas petition and must be denied; this Court does not have jurisdiction to consider a successive habeas petition since Gonzalez did not obtain approval from the Third Circuit to file one.[5]

As a preliminary matter, the Court notes that Gonzalez never asked Judge Wells or this Court to hold an evidentiary hearing.[6]  And to the extent any of Gonzalez's motions could have been construed as a motion or request for an evidentiary hearing, he has not met the standard under Rule 60(b)(3) of demonstrating an evidentiary hearing was not granted due to fraud by an

---

[5] As noted, the Third Circuit provided Gonzalez with the form to complete should he desire to seek their approval to file a successive habeas petition, and there is no indication he did so.  Instead, he filed the instant motion.  (*See* 3d Cir. Dkt. 20-3092, Doc. No. 12 ("If Appellant wants to file another motion under Fed. R. Civ. P. 60(b), any such motion must be filed in the appropriate district court.  Finally, if Appellant wishes to file an application under 28 U.S.C. Section 2244 in this Court for leave to file a second or successive motion for habeas relief, he may complete the enclosed application using the instructions included on the form.").)

[6] At most, Gonzalez asked the Court to stay and remand to state court so that the state court could hold an evidentiary hearing, not that *this Court* hold an evidentiary hearing.  (And Gonzalez did not show good cause for a stay and remand.)  The only hearing Gonzalez requested of this Court was a hearing on the withdrawal of the appearance of one of Respondents' attorneys.  (Doc. No. 39.)

opposing party in *this* habeas proceeding.

The remainder of the issues Gonzalez raises also fail to meet the Rule 60(b)(3) standard because they are alleging fraud in *state court* proceedings, *not* fraud on the habeas federal court. In other words, Gonzalez is alleging that his state criminal conviction was obtained through fraudulent means, but he does not allege that federal habeas counsel or opposing counsel, the District Attorney's office, perpetuated fraud during his habeas proceedings in federal court. (*See* Doc. No. 55 at 8–11 (arguing that his trial counsel committed fraud on the court by falsely testifying at a PCRA evidentiary hearing, that his "trial counsel's decision not to present this exculpatory evidence [the CDC report] was prejudicial to the Defendant," and that his trial counsel's performance "was outside the professional norms as defined in Strickland v. Washington").) For this reason alone, Gonzalez's Rule 60(b)(3) motion is a successive petition and must be denied. *See Gonzalez*, 545 U.S. at 532 & n.5 (stating that a Rule 60(b) motion must attack "some defect in the integrity of the federal habeas proceedings" and that "fraud on the federal habeas court is one example of such defect"); *Bentley*, 2022 WL 1265527, at *4 ("He is wrong to the extent he asserts as a basis for relief 'fraud on the court' pursuant to Rule 60(b)(3). His assorted *Brady* claims attack the validity of his criminal proceeding, as opposed to an alleged defect in the habeas proceeding."); *Gibson*, 2019 WL 6907399, at *4–5 ("[The petitioner] contends his conviction should be overturned because of alleged 'fraud [committed] in the State Court proceedings.' . . . The above claims render Gibson's Rule 60(b) motion a successive habeas petition 'because they attack his underlying conviction rather than a procedural defect in a prior habeas proceeding.'" (cleaned up)); *Brewington v. Kloptoski*, Civil Action No. 09-3133, 2012 WL 3764929, at *3 (E.D. Pa. Aug. 30, 2012) ("Brewington alleges his state criminal conviction was obtained through fraudulent means because: (1) the district attorney's office

withheld discovery materials; (2) he never received a complete trial transcript or set of trial notes; (3) the district attorney's office fabricated fingerprint evidence; (4) a homicide detective provided false testimony; and (5) a medical examiner provided false testimony. Brewington's allegations are collateral attacks on his state criminal conviction; he does not allege a fraud a fraud was perpetuated on this court during his habeas proceedings . . . Brewington has not shown the court committed a clear error of law when it denied his Rule 60(b)(3) motion as an untimely, successive habeas petition."); *see also Simmons v. United States*, Civ. Act. No. 15-549-LPS, 2020 WL 2220150, at *2 (D. Del. May 7, 2020) ("The arguments in Movant's Rule 60(b) Motion attack his underlying conviction and not the manner in which the Court's denial of § 2255 Motion was procured.").

Further, Gonzalez is merely rehashing the same complaints about trial counsel that he raised previously.[7] (*Compare, e.g.*, Doc. No. 31 (Gonzalez's Objections to the R&R) at 2 (claiming his trial counsel prejudiced him by "withholding a scientific report from the Center for Disease and Prevention which describes a detail [sic] version of Chlamydia")), 6 ("Therefore, petitioner demonstrate[s] that counsel was in possession by his own admittance that he was indeed presented the evidence from the C.D.C report and data for defense. . . . Counsel crippled the defense . . . [and] perjured himself under oath"), *with* Doc. No. 55 at 9 ("[T]he above testimony by counsel indicates counsel's awareness of an incubation period of 'chlamydia' . . . [and] trial counsel's decision not to present this exculpatory evidence was prejudicial to the defendant.").) This is insufficient to vacate judgment under the rigorous Rule 60(b)(3) standard, *see, e.g.*, *July*, 2018 WL 3492144, at *2 ("Here, Mr. July rehashes his complaints about the

---

[7] To that end, Gonzalez provided the Court with the same excerpts of his trial counsel's testimony in his April 2023 Rule 60(b)(3) motion as he had already provided the Court in his December 2021 objections. (*Compare* Doc. No. 31 at 9–10, *with* Doc. No. 55 at 15–6.)

12

State's presentation of Richardson as a witness at his criminal trial. This is simply the old habeas claim under a different name, not a basis for reopening this Court's judgment under Rule 60(b)(3)."), and shows that Gonzalez's Rule 60(b)(3) motion is indeed another successive habeas petition in disguise. *See Gibson*, 2019 WL 6907399, at *3 ("[T]he notion that the claims in the instant Rule 60(b) motion are somehow 'new' is simply erroneous. Rather, they rely entirely on facts that were known to Gibson at the time he filed his initial petition; indeed, the arguments made in the two filings are, in sum and substance, identical. A motion asserting facts or arguments that were or could have been asserted in a previous petition but were not is, without more, properly considered a second or successive habeas petition.").

**IV.   Conclusion**

      For these reasons, Gonzalez's motion is denied. An appropriate Order follows.